# United States District Court
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:10-CV-10377

| | |
|---|---|
| **LILLIAN MORGAN O'NEAL,**<br>                **PLAINTIFF**<br><br>v.<br><br>**EDWARD MORGAN, JAMES E. SMALL,**<br>**J. DOUGLAS LIBASSI, AND THE**<br>**HONORABLE JUDGE JEREMY STAHLIN,**<br>                **DEFENDANTS** | **CIVIL COMPLAINT** |

## THE PARTIES

1. For all pertinent times mentioned herein Plaintiff, Lillian Morgan O'Neal (hereinafter "Plaintiff"), resides at 72 Chestnut Ave. in Jamaica Plain section of Boston, MA.

2. For all pertinent times mentioned herein, Defendants have played various roles in the denial and violation of Plaintiff's statutory, common law and Constitutional rights to due process, equal protection and property rights in her federally protected retirement funds.

3. Defendant Edward Morgan resides at 54 Hollander Street in the Roxbury section of Boston, MA.

4. Defendant James E. Small resides in the Roxbury section of Boston, MA.

5. Defendant The Honorable Judge Jeremy Stahlin presides at the Suffolk Probate and Family Court located at 24 New Chardon Street in Boston, MA.

6. Defendant J. Douglas LiBassi resides at 16 Harley Street in the Dorchester section of Boston, MA.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction of this matter is conferred upon the United States District Court pursuant to 28 USC 1331.
8. Venue is proper in the US District for Massachusetts in Boston, MA as all of the parties live and/or work in Boston, MA.

# THE ACTION

Plaintiff, Lillian Morgan O'Neal, alleges:

1. Plaintiff is now, and at all times mentioned in this complaint has been, the attorney in fact for her parents (Arthur and Olive Morgan, both now deceased). Solely in said fiduciary capacity, Plaintiff filed an equity action (Suffolk Probate and Family Court, Docket No. 99 E 0035) and other legal complaints and actions seeking the return of title to the parents' home as the parents represented that they had not intended to transfer ownership of that home to Plaintiff's brother, Defendant Edward Morgan.

2. Defendant Edward Morgan, is now, and at all times mentioned in this complaint has been, the brother of Plaintiff and Defendant and Plaintiff-in-Counterclaim on the equity action and other legal proceedings. Mr. Morgan is also a judgment creditor of the January 22, 2002 judgment against Plaintiff but has assigned certain of his rights to said judgment to Defendant LiBassi.

Defendant Hon. Judge Jeremy A. Stahlin is now and at all times relevant hereto has been the judge presiding over the equity action and other legal actions filed by or against Plaintiff in the Suffolk Probate and Family Court. Defendant Stahlin rendered the January 22, 2002 judgment against the Plaintiff as well as a July 16, 2009 contempt judgment against Plaintiff and numerous intervening and subsequent orders against Plaintiff.

Defendant J. Douglas LiBassi is now and all times relevant to this complaint has been a judgment creditor against Plaintiff for attorneys fees allegedly earned and owed pursuant to a January 22, 2002 judgment in the equity action. Mr. LiBassi represented Defendant Edward Morgan in the equity action until such time as Mr. LiBassi was disbarred for misappropriation of the escrowed proceeds from the sale and mortgage of the property in dispute.

Defendant James E. Small is now and was at times relevant to this complaint successor counsel for Defendant Edward Morgan in the equity action and a number of contempt and other collection actions against the Plaintiff.

3. On or about January 22, 2002, and continuing to the present, Defendant Stahlin has wrongfully and unlawfully entered judgment against Plaintiff individually in an action where she had participated and was named solely in her fiduciary capacity and ordered her to satisfy said judgment from her federally protected retirement funds in her Thrift Savings Account.

On or about January 22, 2002 and at numerous times between that date and the present, Defendants Small, LiBassi and Morgan have sought to enforce, attach and levy on said judgment in various state and federal forums and have sought and obtained subsequent orders, judgments and other directives from Defendant Stahlin in their efforts to collect upon the purported individual judgment against Plaintiff and de facto lien against her retirement savings.

4. On or about January 2005, and at numerous other times between that date and the present, plaintiff has demanded that all defendants cease, desist and refrain from committing the above named acts, but all defendants have repeatedly and steadfastly refused and has threatened to continue such acts.

5. As a result of defendant's acts, plaintiff has sustained and will continue to sustain great and irreparable injury in that she is prohibited from retiring despite her age and failing health as she has been enjoined and restrained from accessing her funds unless said funds are used to satisfy the judgment or until she satisfies the judgment from other means, regardless of her repeatedly proving and demonstrating that she has no other funds or means from which to satisfy the judgment.

6. Plaintiff cannot be fully compensated in damages, is without an adequate remedy at law because the exact amount of damage plaintiff will sustain will be difficult to determine, and the passage of time continues to further harm Plaintiff everyday that she remains forced to continue her employment. Plaintiff's health has been severely impacted as her job duties are increasingly demanding upon her physically with re-structuring of the US Postal facility where she is employed.

7. As a further result of defendant's acts, plaintiff has sustained damage in the amount of approximately $45,000.00 dollars ($ ) in legal fees and court costs unsuccessfully seeking resolution to his unlawful judgment and subsequent orders and judgments based thereupon as well as investment losses suffered by her retirement fund during an extended period when her Thrift Saving Account was "frozen" by the administrator based upon the unlawful judgment of January 22, 2002. If these acts are permitted to continue, plaintiff will be further damaged in an amount to be alleged when additional damages have been determined.

WHEREFORE, plaintiff demands judgment for:

1. Preliminary and permanent injunction enjoining and restraining Defendants from engaging in or performing any of the following acts:

Defendant Stahlin from enforcing so much of the January 22, 2002 judgment (and all subsequent orders and judgments based thereupon) as purports to enter judgment against Plaintiff individually and require Plaintiff to satisfy said judgment from her Thrift Savings Funds or restrain and enjoin her from using those funds until the judgment is satisfied

Defendant Stahlin from entering any further orders, judgments or other directives from the court purporting to effect or limit Plaintiff's use, access and enjoyment of her federally protected retirement funds

Defendants LiBassi, Small and Morgan from seeking to enforce the January 22, 2002 judgment (or any subsequent orders, judgments or court directives based thereupon) in any state or federal court or forum in so far as said judgment purports to make Plaintiff individually liable or compel her to pay said judgment or any part thereof to said Defendants to satisfy any or all of said judgment and from seeking or obtaining any further judgments, orders or other legal directives from any state or federal court or other forum

2. Damages against all Defendants jointly and severally in the amount of 45,000 dollars ($ ) plus interest through the date the judgment is satisfied.

3. Costs of this action, legal fees for this action and any and all other just relief as the court may deem just and proper.

Date: 3/5/10

/s/Lillian Morgan O'Neal

Dated: 3/5/10                           Respectfully submitted,

                                        Lillian Morgan O'Neal,
                                        By her Attorney,


                                        _/S/ NAOMI L. SHELTON_
                                        NAOMI L. SHELTON, ESQ.
                                        Attorney for Plaintiff
                                        LAW OFFICE OF NAOMI L. SHELTON
                                        6 BEACON STREET, SUITE 515
                                        BOSTON, MA 02108
                                        617-227-3816
                                        BBO #655879